**PETRICH et al, etc., Plaintiffs-Appellees, v. PETRICH, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21934. Decided December 11, 1950.

G. C. Hafley, Cleveland, for plaintiffs-appellees.
Stephen A. Zona, Austin T. Klein, Cleveland, for defendant-appellant.

(CONN, PJ, CARPENTER, J, FESS, J, of the Sixth District sitting by designation in the Eighth Appellate District.)

**OPINION**

By CONN, PJ:
Andy Petrich and Emil Olds as executors of the estate of

Peter Petrich, deceased, on December 13, 1949, brought an action for a declaratory judgment in the Probate Court against Pauline Petrich and the legatees and devisees under the will of the said decedent.

The facts alleged by plaintiffs' material here are as follows:

John Petrich died testate May 17, 1949, his will having been executed on October 18, 1947, copy of which was attached to the petition; that said John Petrich and Pauline Lisuch entered into an antenuptial agreement, copy of which was also attached to the petition; that on January 17, 1948, said parties were married; that on June 9, 1949, the defendant, Pauline Petrich, appeared in person in the Probate Court to make her election and the Court explained the provisions of the will and her rights under the law, and she thereupon elected to take under the law; that on June 13, 1949, the appraisers returned the inventory and appraisal of the property of decedent and this return shows that the appraisers set off to Pauline Petrich $2,000.00 for a year's support and the further sum of $2,500.00 to her as exempt from administration. Under his will, the testator devised and bequeathed all his property to his children and the issue of any deceased child.

The antenuptial agreement recites that the parties contemplate marriage and contains the usual provisions that by virtue of their marriage neither party shall have or acquire any right, title or claim in and to the separate individual real and personal estates of the other.

In the amended answer and cross-petition of Pauline Petrich, the averments of the petition above referred to are admitted. It is further alleged that plaintiffs had knowledge of the existence of said antenuptial agreement, but at no time prior to the filing of said petition was it disclosed to the Court or in any way set up in the proceedings on the estate, within the six months period following their appointment as executors, and that said agreement was disregarded as disclosed by the inventory and appraisement made and subsequently filed in the Probate Court.

It is further averred that Pauline Petrich is illiterate, that she at the time of the execution of said agreement had no knowledge of business or of her legal rights under the statutes of descent and distribution, and that she was not represented by counsel or informed of the amount and value of decedent's property. Said defendant prays that said agreement be declared null and void and ordered rescinded and her rights secured.

On May 15, 1950 the Probate Court dismissed plaintiffs' petition and also, the amended answer and cross-petition "on the grounds that the pleadings were not filed within the statutory period."

From this order the defendant, Pauline Petrich, appeals on questions of law and assigns as error the action of the Court dismissing her answer and cross-petition.

**Sec. 10512-3 GC** provides as follows:

"Any antenuptial or separation agreement to which the decedent was a party shall be deemed valid unless action to set it aside is begun within six months after the appointment of the executor or administrator of the estate of such decedent, or unless within such period of time the validity of such agreement is otherwise attacked."

It is conceded that no action to set aside the antenuptial agreement had been begun within the six months' period. It is urged, however, that the failure on the part of the executors within the six months' period to bring said agreement into the estate and to the attention of the Probate Court Judge, in order that he might fully explain defendant's rights thereunder at the time she made her election to take under the law, said defendant having had no counsel; also, the allowance to her made by the appraisers of a year's support and statutory exemption; that these facts and circumstances amounted to a waiver and had the effect of lulling said defendant to sleep on her rights and that said executors in equity should not be permitted to assert the above statute of limitations. There appears to be some merit in this contention. **25 O. Jur. 633, Sec. 287; 634 Sec. 288.**

It is easily inferable that if the Judge of the Probate Court had had knowledge of the existence of the antenuptial agreement, Pauline Petrich would have been advised of the legal effect of same and that following her election she would have consulted a lawyer.

The allegations in defendant's answer and cross-petition, under the rule of liberal construction applicable here, appears to present an issue of the validity of the agreement on the ground of "fraud in the factum," which if established would render the antenuptial agreement void. Compare **Picklesimer v. B. & O. Railroad Co., 151 Oh St 1.**

It follows that if the contract in the instant case were void, there would be no basis upon which the six months' statute of limitations could be applied in this action. In other words, under the answer and cross-petition of defendant,

somewhat inartfully drawn, the issue presented was not exclusively one of law. **31 O. Jur. 878, Sec. 287.**

It is our opinion that material fact issues were raised on the pleadings and that the answer and cross-petition of defendant could not be summarily dismissed without first an adjudication of these issues. The order of the Probate Court being prejudicial to the rights of defendant, Pauline Petrich, is reversed and cause remanded to that Court for further proceedings. Exc. O. S. J.

CARPENTER, J, FESS, J, concur.